**James J. McDONALD, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18378.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 6, 1964.

Decided June 24, 1965.

Mr. Earl H. Davis (appointed by this court), Washington, D. C., for appellant.

Mr. Gerald E. Gilbert, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker and Harold H. Titus, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before PRETTYMAN, Senior Circuit Judge, and BURGER and WRIGHT, Circuit Judges.

.PER CURIAM.

### JUDGMENT

THIS CAUSE came on to be heard on the record on appeal from the United States District Court for the District of Columbia, and was argued by counsel.

ON CONSIDERATION WHEREOF It is ordered and adjudged by this Court that the judgment of the District Court appealed from in this cause be, and it is hereby, affirmed. Whalem v. United States, 120 U.S.App.D.C. ——, 346 F.2d 812 (1965).

WRIGHT, Circuit Judge (dissenting):

In my judgment, this case should be remanded to the District Court for consideration of the issue of competency to stand trial in the light of Whalem v. United States, 120 U.S.App.D.C. ——, 346 F.2d 812 (1965) (*en banc*), Green v. United States, 121 U.S.App.D.C. ——, 349 F.2d 203 (1965) (*en banc*), and Wider v. United States, 121 U.S.App.D.C. ——, 348 F.2d 358 (1965).

Like Green, McDonald was an escapee from St. Elizabeths at the time he committed his offense. Whalem was on convalescent leave from the same institution when his offense was committed. While Wider was not under commitment to St. Elizabeths at the time of his offense, that hospital had certified him, as it had McDonald, competent to stand trial although suffering from a mental disease.

The opinions in *Whalem, Green* and *Wider* were not available to Judge Youngdahl when the instant case was tried. Since at that time there was a question in his mind as to the mental competence of McDonald to waive the jury,[1] in view of the teaching of *Whalem, Green* and *Wider* it may be that the distinguished trial judge may have some question as to appellant's competence to stand trial as well.

---

1. When appellant's counsel sought to waive the jury, the trial court responded:
   "Well in view of the fact that I am informed by defendant's attorney that the defense is going to be insanity, one of the defenses, at least, and in view of that situation, there is a question in my mind whether he is competent to determine the question adequately as to waiver, and I think I better submit it to the jury for determination of the issues of fact."